## THE EUGENE ROBINSON FLOATING MUSEUM COMPANY
### v.
## PETER HAUPTMANN.

*Contracts—For Use of Boat—Recovery for.*

In an action brought to recover upon a contract touching the use of a certain boat, this court declines, in view of the evidence, to interfere with the verdict for the plaintiff.

[Opinion filed June 9, 1891.]

APPEAL from the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. ANDREW M. SULLIVAN and MARSHALL F. McDONALD, for appellant.

Mr. E. L. THOMAS and R. W. ROPIEQUET, for appellee.

REEVES, J.   It is urged that the evidence in the cause was not sufficient to justify the verdict. We have carefully examined the evidence and find that while it was conflicting there was sufficient, if the jury gave credit to the witnesses for the plaintiff below, to support the verdict. Complaint is also made that the trial court refused proper instructions asked by appellant, the defendant below. There was testimony *pro* and *con*, on the question as to whether the boat to recover for the use of which this suit was brought, was in good and complete running order when delivered to appellant as the contract of hiring required it should be. In whatever condition it was the appellant accepted and used it, as the evidence clearly shows. Under this state of facts we think instructions numbered one to five inclusive, were properly refused. All the law of the case, in view of all the evidence in the case, was embraced in appellant's given instructions. Instruction number six was misleading. The plaintiff's evidence was that at Memphis there was talk about appellant

not using the boat any longer but that finally it determined to continue the use of the boat, and appellee testified its further use was to be under the original agreement. This appellant denied, but if the jury believed appellee, he was plainly entitled to recover for such further use under the original agreement. Instruction number seven was faulty because it excluded from the consideration of the jury the question whether the damage spoken of was or was not the result of the negligence of the appellant's servants.

Instruction number eight was properly refused, as it referred to instructions which had been, and, as we think, properly refused. The instructions given for appellant state the law for appellant fairly and as fully as it should have been given to the jury. We perceive no error in the instructions given for appellee. The objection that is urged, that one witness was permitted to use a memorandum in giving his testimony, we do not regard as well founded. Under the facts disclosed, as we find them in the record, we do not think there was any error in permitting the witness to use the memorandum for the purpose which he did use it. It is also urged that the trial court erred in not sustaining the motion to quash the writ of attachment. It is a sufficient answer to this to say that after the writ of attachment was served, appellant entered into a forthcoming bond and thereby obtained possession of the property attached. The amount of the verdict was less than the testimony would have warranted. Finding no error in the record, which should reverse the judgment, the same is affirmed.

*Judgment affirmed.*